# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 25-mc-00011 (ADC-GLS) |
| | ) |
| ANA IZQUIERDO, | ) |
| | ) |
| Respondent. | ) |

**Amended Petition to Enforce Internal Revenue Service Summons**

The United States of America, on behalf of its agency, the Internal Revenue Service, and by its undersigned attorney, amends its Petition under Fed. R. Civ. P. 15(a)(1)(B) as follows:

1. This is a proceeding brought under sections 7402(b) and 7604(a) of Title 26, U.S.C, to judicially enforce an Internal Revenue Service summons.

2. Jean A. Lane is a Revenue Agent of the Internal Revenue Service, employed in Small Business/Self-Employed Compliance Area 7 and is authorized to issue an Internal Revenue Service summons under the authority contained in Section 7602 of Title 26 U.S.C., and Treasury Regulations § 301.7602-1, 26 C.F.R. § 301.7602-1.

3. Respondent, Ana Izquierdo, resides or is found at E3, Street No. 9, Tintillo Gardens, Guaynabo, Puerto Rico 00966, within the jurisdiction of this Court.

4. Revenue Agent Jean A. Lane is investigating David Runge under 26 U.S.C. §

    6700 (Promoting Abusive Tax Shelters) as a suspected promoter of a Puerto Rico Act 60 scheme.

5. The IRS is investigating whether Runge organizes, participates in the sale in, makes or furnishes, or causes others persons to make, false or fraudulent statements about the tax benefits of Puerto Rico Act 60, formerly Puerto Rico Act 20 (outsourcing transaction) and Puerto Rico Act 22 (residency transaction). The IRS is investigating Runge's role in this suspected abusive tax shelter from 2013 to the present, as set forth in the Declaration of Revenue Agent Jean A. Lane (Dkt 1).

6. The investigation may determine whether the IRS imposes civil penalties under 26 U.S.C. § 6700 against Runge. The penalties are $1,000 per transaction, or, if the person can establish it is lesser, 100% of the gross income derived from the abusive tax shelter. 26 U.S.C. § 6700(a)(1)(A-B)(2).

7. Respondent is a former employee of Runge and is believed to be in possession and control of testimony relevant to Runge's promotion.

8. Respondent is not under investigation by the IRS for potential penalties under 26 U.S.C. § 6700.

9. On June 11, 2024, an Internal Revenue Service summons was issued by Revenue Agent Jean A. Lane directing Respondent to appear before her on July 11, 2024, at 3:00 p.m. at City View 2, Suite 2000, 48 Carr 165, Guaynabo, P.R. 00968, to

testify. An attested copy of the summons was left at Respondent's last and usual place of abode by Javier Cortés, Internal Revenue Agent, on June 13, 2024. The summons is attached as Ex. 2.

10. On July 11, 2024, Respondent did not appear as required by the summons.

11. On September 12, 2024, IRS Counsel sent Respondent a last-chance letter, requesting that she appear at a rescheduled summons interview on October 28, 2024.

12. On or about October 11, 2024, in response to the last-chance letter, Respondent's counsel, Revenue Agent Lane, and IRS Counsel spoke about the summons, and Respondent's counsel asserted that Respondent had not received the Summons served on June 13, 2024.

13. The parties agreed that Respondent would not challenge the service of the summons and that the IRS would not seek enforcement of the summons for Respondent's failure to appear on July 11, 2024.

14. On October 28, 2024, Respondent appeared for the summons interview, answered some questions, but refused to answer other questions.

15. Respondent refused to fully comply with the summons because she failed to respond to all questions posed by Revenue Agent Lane. A copy of the IRS Memorandum of Interview containing questions to, and answers of, Respondent is attached as Exhibit 3 to the Supplemental Declaration of IRS Agent Lane.

16. Respondent's refusal to respond to questions was based upon an invocation of her Fifth Amendment right to avoid self-incrimination and invocation of the attorney/client and work privileges.

17. Respondent's refusal to fully comply with the summons continues to date as is set forth in the declaration of Revenue Agent Jean A. Lane attached as Exhibit 1 (Dkt. 1).

18. The burden of proving the existence of a valid Fifth Amendment privilege is on the person claiming that privilege. *See In re Grand Jury Subpoena*, 973 F.2d 45, 50 (1st Cir. 1992) (per curiam).

19. A person claiming a privilege under the Fifth Amendment "must be 'confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination.'" *United States v. Doe*, 465 U.S. 605, 614 (1984) (citing *Marchetti v. United States*, 390 U.S. 53 (1968)) (internal quotations omitted). The privilege against self-incrimination "protects against real dangers, not remote and speculative possibilities." *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 479.

20. The protection of the Fifth Amendment is not "available to all comers in all circumstances merely because they have the presence of mind to chant the accepted constitutional liturgy." Instead, "the prospective witness must show at the very least that he is faced with some authentic danger of incrimination."

*United States v. Castro,* 129 F.3d 226, 229 (1st Cir. 1997).

21. The privilege cannot be invoked on a blanket basis. *Castro* (citing *In re Grand Jury Matters*, 751 F.2d 13, 17 n.4 (1st Cir.1984). It operates question by question. Thus, the district court must conduct a "particularized inquiry," *Castro* (citing *United States v. Pratt,* 913 F.2d 982, 990 (1st Cir. 1990).

22. Here, Respondent cannot show an authentic danger of prosecution or that the subpoenaed information would be used against her in any such prosecution.

23. The IRS has advised Respondent and her attorneys that the Internal Revenue Service's Criminal Investigation Division is not involved in this case.

24. Respondent has, and can only assert, a speculative, generalized concern about criminal prosecution, and that is not sufficient to justify or validly raise a Fifth Amendment claim.

25. A summoned party cannot rely on Fifth Amendment protection if (a) a summons has been issued before any IRS recommendation to the Justice Department that a criminal investigation should be undertaken; (b) the IRS uses the summons authority in a good faith pursuit of the congressionally authorized civil purposes; and (c) the IRS is acting in pursuit of a civil tax determination or collection. *United States v. LaSalle National Bank*, 437 U.S. 298 (1978).

26. The mere fact that evidence might be used against the taxpayer in a later criminal prosecution will not support a blanket claim of self-incrimination. To invoke the

privilege, the taxpayer must "provide more than mere speculative, generalized allegations of possible tax-related criminal prosecution." *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985).

27. Because Respondent is a mere former employee and not herself a suspected promoter of an abusive tax scheme, her generalized allegations of possible tax-related criminal prosecution are merely speculative and her invocation of the Fifth Amendment is improper. *United State v. LaMotte*, Case No. 15-mc-93017-MGM, 2016 WL 2731623 (D. Mass. April 19, 2016)(approving invocation of Fifth Amendment for corporate officer under investigation under Section 6700 for promoting an abusive micro-insurance tax scheme).

28. Respondent did not provide answers to certain questions posed during the interview and such responses still have not been provided up to today.

29. Respondent also has refused to answer certain questions, asserting the attorney-client and work-product privileges.

30. The burden is on the party asserting the privilege to "establish the existence and applicability of the privilege ... [using] sufficient information to allow the court to rule intelligently on the privilege claim." *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991).

31. Respondent has presented no evidence that she is entitled to refuse to answer questions under the attorney-client or work-product privileges.

32. The testimony sought by the summons is not already in possession of the Internal Revenue Service.

33. All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.

34. The IRS requires answers to the questions posed to Respondent during the interview to properly conduct its investigation of David Runge under 26 U.S.C. § 6700 as a suspected promoter of an abusive tax scheme for the years 2013 to present. Declaration of Revenue Agent Lane (Dkt. 1).

    WHEREFORE, the Petitioner respectfully prays:

    1. That this Court enter an order directing the Respondent, Ana Izquierdo, to show cause, if any, why she should not comply with and obey the summons and each and every requirement thereof.

    2. That the Court enter an order directing the Respondent, Ana Izquierdo, to obey the summons and each and every requirement thereof by ordering the attendance and the responses to the questions called for by the terms of the summons before Revenue Agent Jean A. Lane or any other proper officer or employee of the Internal Revenue Service at such time and place as may be fixed by Revenue Agent Jean A. Lane, or any other proper officer or employee of the Internal Revenue Service.

3. That the United States recover its costs in filing this civil enforcement action.

4. That the Court grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico on February 28, 2025.

s/Michael R. Pahl
Michael R. Pahl, MN Bar. #0234539
Trial Attorney, Tax Division
U.S. Department of Justice
1275 First Street NE
Suite 10612
Washington, D.C. 20002
michael.r.pahl@usdoj.gov

Attorney for the United States
