IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 25-mc-00011 (ADC-GLS) ) |
| ANA IZQUIERDO, | ) ) |
| Respondent. | ) |

**United States' Response to Respondent's Motion to Dismiss**

Respondent moves under Fed. R. Civ. P. 12(b)(6) to dismiss, asserting that dismissal is appropriate because the United States alleged two paragraphs that included incorrect assertions of fact and has failed to "identify the questions or even topics as to which Petitioner seeks to have this Court order Respondent to answer."[1]

The United States has now filed an amended petition in this matter and supplemented the record with the IRS's memorandum of the IRS questions and Respondent's answers, rendering this motion moot.[2] Moreover, contrary to Respondent's assertion, the petition contained factual allegations sufficient to raise a right to relief above the speculative level, namely, that Respondent appeared before the IRS, refused to answer certain questions on Fifth Amendment grounds,

---

[1] Dkt. 9 at 1.
[2] Dkt. 15-1, Supplemental Declaration of IRS Revenue Agent Jean A. Lane, Ex. 3.

and should thus be ordered to show cause why she failed to respond. Accordingly, Respondent's Rule 12(b)(6) motion should be denied.

## Legal Argument

To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level."[3] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[4]

Here, the amended petition states that Respondent appeared before the IRS but declined to answer certain questions, asserting the Fifth Amendment, attorney-client, and work-product privileges.[5] The petition further states that due to Respondent's refusal to answer certain questions, the Court should issue a show-cause order and require Respondent's appearance.[6] These allegations alone satisfy Rule 8(a)'s low bar requiring a "short and plan statement of the claim showing that the pleader is entitled to relief[.]"

---

[3] *Morales-Tañon v. Puerto Rico Elec. Power Auth.*, 524 F.3d 15, 18 (1st Cir. 2008)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007)).
[4] *Id.* at 1964–65 (quoting Fed. R. Civ. P. 8(a)(2))(alteration in original)(citations omitted).
[5] Dkt. 3 at 2.
[6] Dkt. 3 at 5.

Respondent suggests that the initial petition was somehow infirm because it did not include a list of the exact questions and answers. But such detail is not required to satisfy Rule 8, because the petition adequately set forth the facts and the United States' grounds for relief, raising this case well above the "speculative level."[7] Respondent further asserts that the petition should be dismissed for failing "to provide the Court with the information required for the Court to engage in the analysis to make a determination."[8]

Respondent's argument is incorrect and premature. Although a list of the questions that Respondent refused to answer is necessary for the Court to determine whether Respondent had cause to refuse to comply, that does not compel that the petition failed to state a claim for relief. The United States was not required to provide a list of the questions and answers to state a claim for relief in the petition. The United States agrees that at the hearing, a list of the questions and answers will aid the Court in making its ultimate determination. To that end, the United States has amended the petition to include the IRS's Memorandum of Interview listing the questions asked and answers received.

---

[7] *Morales-Tañon*, 524 F.3d at 18.
[8] Dkt. 9 at 2.

## Conclusion

For the reasons set forth above, Respondent's motion to dismiss should be denied.

Dated: February 28, 2025

*/s/ Michael R. Pahl*
MICHAEL R. PAHL
PR No. G04214
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
P: (202) 598-5863
michael.r.pahl@usdoj.gov
*Attorney for United States of America*

## Certificate of Service

I hereby certify that on February 28, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defense counsel.

s/Michael R. Pahl
Michael R. Pahl
Attorney for the United States