IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
|    v. | ) Civil Case No. 25-mc-00011 (ADC-GLS) |
| | ) |
| ANA IZQUIERDO, | ) |
| | ) |
|    Respondent. | ) |

**RESPONSE TO AMENDED PETITION**

Respondent, Ana Izquierdo, respectfully submits this response (the "Response") to the Amended Petition to Enforce Internal Revenue Service Summons (the "Amended Petition").

In response, Respondent states:

1. Admits.

2. Denies for lack of sufficient knowledge or information.

3. Admits.

4. Upon information and belief, admitted.

5. Upon information and belief, admitted.

6. Denies the first sentence of this paragraph for lack of sufficient knowledge or information. The second sentence of this paragraph states a conclusion of law to which a response is not required.

7. In response to the allegation that "Respondent is a former employee of Runge," Respondent states that she is a former employee of one or more entities with which Runge is or was affiliated. With respect to the remaining allegations of this paragraph

(regarding Petitioner's beliefs), denies for lack of sufficient knowledge or information.

8. States that Revenue Agent Lane did represent to Respondent that she is not under investigation by the IRS for potential penalties under 26 U.S.C. § 6700. Denies the truthfulness of paragraph 8 for lack of sufficient knowledge or information.

9. Denies for lack of sufficient knowledge or information.

10. Admits that she did not appear before Revenue Agent Lane on July 11, 2024, and states that she did not appear because she had never received a copy of the summons allegedly directing her to do so.

11. Admits that she received in or about September 2024 a letter about a summons interview.

12. Admits.

13. Denies that this paragraph accurately reflects the agreement between the IRS and Respondent.  Further states that the parties agreed that Respondent would not challenge the service of the summons and the IRS would not assert that Respondent failed to appear.

14.  Admits that Respondent appeared for the summons interview on October 28, 2024. Further states that Respondent responded to some questions with substantive answers and responded to other questions by asserting a Fifth Amendment privilege, Attorney-Client Privilege and/or Work-Product privilege.

15. Denies the first sentence of Paragraph 15 because Respondent did provide a response to each and every question posed by Revenue Agent Lane. As to the section sentence

of Paragraph 15, agrees that Exhibit 3 was attached to the Petition and appears to contain what Revenue Agent Lane declares.

16. Denies that Respondent refused to respond to questions. States that Respondent provided a response to each and every question posed by Revenue Agent Lane. Further states that she provided substantive, factual answers to a number of Revenue Agent Lane's questions.  Further states that she specifically asserted her Fifth Amendment rights under the United States Constitution and/or attorney-client privileges and/or work-product privileges with respect to certain other questions posed by Revenue Agent Lane and did not, therefore, provide substantive or factual answers to those questions.

17. Denies that Respondent refused to comply with the summons.

18. Paragraph 18 states conclusions of law to which a response is not required.

19. Paragraph 19 states conclusions of law to which a response is not required.

20. Paragraph 20 states conclusions of law to which a response is not required.  Further answering, Respondent states that there is a reasonable possibility that her answers could expose her to prosecution, because (a) it is not uncommon for the IRS examination division to refer a promoter investigation for criminal investigation; (b) the IRS has publicly identified Puerto Rico Act 20 and 22 (now Act 60) as a priority for civil and criminal enforcement; (c) the Petition itself uses the terms "false," "fraudulent" and "abusive tax shelter" (Amended Petition at ¶ 5), and (d) Respondent was employed by entities through which Petitioner suspects, as Petitioner has alleged in Paragraph 5 of the Amended Petition, that Runge organized, participated in the sale

in, made or furnished, or caused other people to make, allegedly/potentially/possibly false or fraudulent statements about what Petitioner calls an abusive tax shelter.

21. Paragraph 21 states conclusions of law to which a response is not required.

22. Denies. Respondent specifically denies the last sentence of this paragraph and states that there is a reasonable possibility that her answers could expose her to prosecution, because (a) it is not uncommon for the IRS examination division to refer a promoter investigation for criminal investigation; (b) the IRS has publicly identified Puerto Rico Act 20 and 22 (now Act 60) as a priority for civil and criminal enforcement; (c) the Petition itself uses the terms "false," "fraudulent" and "abusive tax shelter" (Amended Petition at ¶ 5), and (d) Respondent was employed by entities through which Petitioner suspects, as Petitioner has alleged in Paragraph 5 of the Amended Petition, that Runge organized, participated in the sale in, made or furnished, or caused other people to make, allegedly/potentially/possibly false or fraudulent statements about what Petitioner calls an abusive tax shelter.

23. Admits that the IRS has advised that IRS Criminal Investigation Division was not involved in this case at or around the time of the summons interview.  To the extent Paragraph 23 suggests that IRS Criminal Investigation Division (or any other law enforcement agency) will not become interested in this case in the future, denies for lack of sufficient knowledge or information.

24. Denies.  Further answering, Respondent states that there is a reasonable possibility that her answers could expose her to prosecution, because (a) it is not uncommon for the IRS examination division to refer a promoter investigation for criminal investigation; (b) the IRS has publicly identified Puerto Rico Act 20 and 22 (now Act

60) as a priority for civil and criminal enforcement; (c) the Petition itself uses the terms "false," "fraudulent" and "abusive tax shelter" (Amended Petition at ¶ 5), and (d) Respondent was employed by entities through which Petitioner suspects, as Petitioner has alleged in Paragraph 5 of the Amended Petition, that Runge organized, participated in the sale in, made or furnished, or caused other people to make, allegedly/potentially/possibly false or fraudulent statements about what Petitioner calls an abusive tax shelter.

25. Paragraph 25 states conclusions of law to which a response is not required. To the extent a response is required, Respondent denies that a witness pursuant to a summons cannot rely on the Fifth Amendment under the circumstances described in Paragraph 25. Further answering, Respondent states that Paragraph 25 misstates the law and that the case cited, *United States v. LaSalle National Bank*, does not stand for the proposition suggested by Petitioner. Further answering, Respondent states that a witness's ability to invoke the Fifth Amendment in response to a summons was not even an issue in that case and that neither the term "Fifth Amendment" nor the word "privilege" appears anywhere in the case. The correct statement of law on this point is that "[a]n IRS summons 'is subject to the traditional privileges and limitations. . . including the Fifth Amendment privilege." *United States v. LaMotte*, 2016 WL 2731623, *4 (D. Mass, 2016) (quoting *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984) and *United States v. Allee*, 888 F.2d 208, 214 (1 Cir. 1989)).

26. Paragraph 26 states conclusions of law to which a response is not required. To the extent a response is required, Respondent states that the case cited in this paragraph does not support Petitioner's position in this matter and does not apply to the facts of

this case. Respondent specifically denies that the case cited in this paragraph articulates a legal standard applicable to this matter, because Respondent did not assert a "blanket claim."

27. Denies that Respondent's concerns about self-incrimination are speculative and that her invocation of the Fifth Amendment is improper. States that Paragraph 27 sets forth a legal conclusion as to which a response is not required. To the extent a response is required, Respondent denies that being a former employee and not being a suspected tax shelter promoter in any way disqualify her from asserting her Fifth Amendment right. Further answering, Respondent states that the case cited in Paragraph 27 does not support Petitioner's incorrect legal conclusion.

28. Admits that Respondent did not provide substantive answers to certain questions. Denies that she did not provide responses.

29. Admits that Respondent asserted attorney-client privilege and work-product privilege on behalf of TLS Management and Marketing Services LLC and/or TLS Trading and Capital LLC (hereinafter, collectively "TLS") and/or individuals involved with TLS, each of which informed Respondent prior to the summons interview that they were not waiving their attorney-client privilege and/or work-product privilege, with respect to specific questions. Further states that Respondent provided sufficient information and explanation to Petitioner prior to and during the summons interview to properly assert the attorney-client privilege and work-product privileges in response to specific questions.

30. Paragraph 30 states conclusions of law to which a response is not required.

31. Denies.

32. Denies for lack of sufficient knowledge or information.

33. Denies for lack of sufficient knowledge or information.

34. Denies for lack of sufficient knowledge or information.

## DEFENSES

1. Petitioner improperly seeks to compel Respondent to give testimony in violation of her Fifth Amendment privilege against self-incrimination. Respondent appeared for the summons interview and properly asserted her Fifth Amendment privilege against self-incrimination with respect to specific questions posed by Revenue Agent Lane. *See United States v. Allee*, 888 F.2d 208, 212-13 (1st Cir. 1989) (recipient of a summons properly must appear before the IRS agent and claim the privilege on a question-by-question and document-by-document basis).

2. Petitioner improperly seeks to interfere with the attorney-client privilege(s) held by TLS and/or individuals associated with TLS.

3. Petitioner improperly seeks to interfere with work-product privilege associated with TLS and/or individuals associated with TLS.

4. The Amended Petition in this case still fails to identify the specific questions which Petitioner believes Respondent improperly refused to answer and as to which Petitioner would like the Court to order Respondent to answer. Accordingly, the Petition fails to allege facts upon which this Court can grant relief and must be dismissed.

5. Enforcement of the summons would be an abuse of this Court's process.

6. Petitioner has available to it an alternative procedure for obtaining the testimony it desires without violating Respondent's Fifth Amendment rights, and Respondent has, through her counsel, offered to cooperate with Petitioner in utilizing this procedure.

Specifically, Petitioner may obtain an immunity order pursuant to 18 U.S.C. § 6004. The IRS, however, has informed Respondent that it refuses to attempt to avail itself of that alternative.

7. This Court should award Respondent, pursuant to 26 U.S.C. § 7430, a judgment for reasonable litigation costs incurred herein because Petitioner's position herein is not substantially justified.

8. Respondent submits as Exhibit A hereto and incorporates herein by reference the Declaration of Michelle Schwerin dated March 4, 2025.

9. Upon information and belief, TLS and/or individuals associated with TLS may provide information relating to Respondent's assertion of the attorney-client privilege and work product privilege.

WHEREFORE, Respondent respectfully requests that this Court dismiss the Petition and deny Petitioner's request for relief because Respondent has satisfied her obligations under the Summons, Petitioner continues to fail to specifically identify the questions for which the IRS seeks responses, Respondent has properly asserted her Fifth Amendment rights under the United States Constitution, and Respondent properly asserted Attorney-Client and Work-Product privileges; that the Court deny Petitioner's request for award of costs incurred in maintaining this action; that the Court award to Respondent a judgment pursuant to 26 U.S.C. § 7430 for her litigation costs incurred herein; and grant such other relief as it deems just and proper.

ALTERNATIVELY, Respondent requests that this Court, if it deems it necessary after the presentation of written evidence and argument as to the Fifth Amendment, Attorney-Client Privilege and Work Product privileges provide Respondent with an ex parte, in camera hearing on these issues; that the Court deny Petitioner's request for award of costs incurred in

maintaining this action; that the Court award to Respondent a judgment pursuant to 26 U.S.C. § 7430 for her litigation costs incurred herein; and grant such other relief as it deems just and proper.

Date: March 5, 2024.

Respectfully submitted,

**NEILL SCHWERIN BOXERMAN, P.C.**

By: */s/ Sanford J. Boxerman*
Sanford J. Boxerman #34736MO
Michelle Feit Schwerin #62882MO
120 S. Central Avenue, Ste 725
St. Louis, MO 63105
Telephone: (314) 949-1864
Facsimile: (314 949-1864
boxerman@nsbpc.com
schwerin@nsbpc.com

**MBA LAW**
By: */s/ Mayte Bayolo-Alonso*
Mayte Bayolo-Alonso USDC No. 308109
PO Box 11204
San Juan, PR 00910
Telephone: (787)448-5544
maytebayololaw@gmail.com