IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | ) Civil Case No. 25-mc-00011 (ADC-GLS) |
| | ) |
| ANA IZQUIERDO, | ) |
| | ) |
|     Respondent. | ) |

**SECOND MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Respondent, Ana Izquierdo, respectfully moves that this Court dismiss the Amended Petition filed in the above-captioned matter for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Respondent states as follows:

1. On January 23, 2025, Petitioner filed a Petition, alleging that Respondent asserted a "blanket" Fifth Amendment objection and failed to answer "all questions" presented during a summons interview. (Doc. 3).

2. On February 18, 2025, Respondent responded, filing a Provisional Response (Doc. 7) and Motion to Dismiss (Doc 9).

3. Also on February 18, 2025, Respondent filed a Motion for Leave to File Amended or Supplemental Pleadings (Doc. 10) (the "Motion for Leave").

4. On February 28, 2025, Petitioner filed an Amended Petition (Doc. 16) and Affidavit of Revenue Agent Lane with "Ex. 3 IRS Memorandum of Interview" (Doc. 15).

5. Also on February 28, 2025, this Court granted Respondent's Motion for Leave, and granted Respondent until March 5, 2025, to file amended or supplemental pleadings (Doc. 20). At the same time, the Court entered an order "finding as moot. . . [Doc.] 9 Motion to Dismiss" and directing attention to "Docket No. 20," the Order granting leave for Respondent to file amended or supplemental pleadings. (Doc. 21).

6. This Court should dismiss the Petition herein because:

    A. Respondent has already performed the actions which the Amended Petition asks this Court to order Respondent to perform. Specifically, the Petition's prayer for relief requests "[t]hat the Court enter an order . . . ordering the [Respondent's] attendance and the responses to the questions called for by the terms of the summons . . ." (Doc. 16, p. 7). Respondent did, in fact, attend the summons interview. (Doc. 16, ¶ 14; Amended Response filed concurrently, ¶ 14) and did, in fact, respond to each and every question. (Amended Response filed concurrently, ¶¶ 14 – 16). Accordingly, Respondent has already engaged in the activities that Petitioner asks the Court to order Respondent to do.

    B. The Amended Petition does not contain a list of specific questions to which Petitioner seeks a Court order directing Respondent to answer. In this case, Respondent considered each question presented and invoked her Fifth Amendment rights and/or Attorney-Client privilege and/or Work Product privilege on a question-by-question basis. *See* Amended Response to Petition, ¶¶ 14 –16. Petitioner did, on February 28, 2025, file an Affidavit of the revenue agent (Doc. 15) that included an "IRS Memorandum of Interview", which listed a number of questions. However, nothing set forth within the

Amended Petition itself – including the Amended Petition's prayer for relief – identifies the questions that Petitioner is asking the Court to order Respondent to answer, thereby leaving Respondent and the Court to speculate as to the questions as to which Petitioner seeks relief herein. Without specifying the questions at issue in this litigation, the Amended Petition fails to provide the Court with the information required for the Court to engage in the analysis necessary to make a determination, including as to whether Respondent has satisfied her obligations under the Summons; whether Respondent properly asserted her Fifth Amendment rights, Attorney-Client privilege and/or Work-Product privilege; whether Respondent's Fifth Amendment, Attorney-Client privilege and/or Work-Product privilege assertions are well-taken; and whether to grant Petitioner's request. *See, e.g., United States v. Allee,* 888 F.2d 208, 214 (1st Cir. 1989) (Court "must evaluate the validity of such objection on the same [question-by-question] particularized basis").

WHEREFORE, Respondent respectfully requests that this Court dismiss the Amended Petition for failure to state a claim upon which relief can be granted, award to Respondent a judgment pursuant to 26 U.S.C. § 7430 for her litigation costs incurred herein; and grant such other relief as is it deems just and proper.

ALTERNATIVELY, Respondent respectfully requests that the Court (1) order Petitioner to present a list of questions as to which Petitioner believes the Court should order Respondent to answer, and (2) provide Respondent with a reasonable amount of time (Respondent respectfully suggests ten (10) days) thereafter within which to explain to the Court under seal and ex parte, specifically as to each such question, why her invocation of the Fifth Amendment was and is

proper and/or why her assertion of Attorney-Client privilege and/or Work-Product privilege was and is proper. *See, e.g., United States v. LaMotte*, 2016 WL 2731623 (D. Mass, April 19, 2016) (in summons enforcement action Court allowed respondent to file a sur-reply explaining on a question-by-question basis her justification for invoking the Fifth Amendment), *adopted by the District Court,* 2016 WL 2733103 (August 2, 2016).

Date:   March 5, 2025

Respectfully submitted,

**NEILL SCHWERIN BOXERMAN, P.C.**

By:  */s/ Sanford J. Boxerman*
Sanford J. Boxerman #34736MO
Michelle Feit Schwerin #62882MO
120 S. Central Avenue, Ste 725
St. Louis, MO 63105
Telephone: (314) 949-1864
Facsimile: (314 949-1864
boxerman@nsbpc.com
schwerin@nsbpc.com

**MBA LAW**
By:  */s/ Mayte Bayolo-Alonso*
Mayte Bayolo-Alonso USDC No. 308109
PO Box 11204
San Juan, PR 00910
Telephone: (787)448-5544
maytebayololaw@gmail.com
