IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 25-mc-00011 (ADC-GLS) |
| | ) |
| ANA IZQUIERDO, | ) |
| | ) |
| Respondent. | ) |

**United States' Response to Respondent's Second Motion to Dismiss**

Respondent moves under Fed. R. Civ. P. 12(b)(6) to dismiss the United States' Amended Petition to Enforce Internal Revenue Service Summons, asserting that the Amended Petition is infirm because the United States did not set forth "the questions that Petitioner is asking the Court to order Respondent to answer, thereby leaving Respondent and the Court to speculate as to the questions as to which Petitioner seeks relief herein."[1]

Respondent made a similar argument in her first motion to dismiss.[2] The Court dismissed that motion as moot[3] after it granted Respondent leave to file amended pleadings once her counsel obtained *pro hac vice* admission.[4] In the interim, and in response to Respondent's first motion to dismiss, the United States

---

[1] Dkt. 26 at 3.
[2] Dkt. 9.
[3] Dkt. 21.
[4] Dkt. 10.

has filed an Amended Petition[5] and IRS memorandum of interview notifying the Court and Respondent of the exact questions she improperly refused to answer on the basis of privilege.[6]

Respondent's motion should be denied because the petition contains factual allegations sufficient to raise a right to relief above the speculative level, namely, that Respondent appeared before the IRS, refused to answer certain questions, and should thus be ordered to show cause to establish the validity of her assertions of privilege. What is more, the United States has now supplemented the record with the IRS's memorandum that identifies the specific IRS questions and Respondent's repeated refusal to answer the majority of those questions. Now that the IRS Memorandum of Interview is part of the record, Respondent's assertions that she does not know "the questions that Petitioner is asking the Court to order Respondent to answer,"[7] and that the Respondent and Court are left to "speculate as to the questions as to which Petitioner seeks relief herein,"[8] are plainly without merit.

Accordingly, Respondent's motion should be denied.

---

[5] Dkt. 16.
[6] Dkt. 13.
[7] Dkt. 26 at 3.
[8] *Id.*

## Legal Argument

To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level."[9] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]

"[S]ummons enforcement proceedings should be summary in nature."[11] In order to set forth a prima facie case for summons enforcement under 26 U.S.C. § 7603(b), the "IRS must show that: 1) the investigation will be conducted for a legitimate purpose; 2) the inquiry will be relevant to such purpose; 3) the information sought is not already within the Commissioner's possession; and 4) the administrative steps required by the Internal Revenue Code ("IRC") have been followed (together, the "*Powell* factors").[12] Courts have routinely found that an affidavit by the investigating revenue agent, asserting that the *Powell* factors have been satisfied, is sufficient to establish a prima facie case.[13]

---

[9] *Morales-Tañon v. Puerto Rico Elec. Power Auth.*, 524 F.3d 15, 18 (1st Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007)).
[10] *Id.* at 1964–65 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original) (citations omitted).
[11] *United States v. Stuart*, 489 U.S. 353, 369 (1989).
[12] *United States v. Powell*, 379 U.S. 48, 57-58 (1964).
[13] *See, e.g., United States v. Risk*, 2007 WL 9700964, at *2 (S.D. Fla. Sept. 25, 2007); *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999).

Here, the petition, amended petition, and accompanying declarations state that the IRS is investigating a suspected promotor of abusive tax shelters to determine whether there have been violations of 26 U.S.C. § 6700; Respondent is a former employee of the suspected promotor and is in possession and control of relevant testimony; the information is not already in the possession of the IRS; and all required administrative steps have been taken by the IRS.[14] Moreover, the United States pleaded that Respondent appeared before the IRS but declined to answer certain questions, asserting the Fifth Amendment, attorney-client, and work-product privileges.[15] The petition further states that due to Respondent's refusal to answer certain questions, the Court should issue a show-cause order and require Respondent's appearance.[16] These allegations satisfy Rule 8(a)'s low bar requiring a "short and plain statement of the claim showing that the pleader is entitled to relief" and state a prima facie case for summons enforcement.

Respondent contends that she does not know "the questions that Petitioner is asking the Court to order Respondent to answer,"[17] and that the Respondent and Court are left to "speculate as to the questions as to which Petitioner seeks relief herein."[18] Initially, such detail is not required to satisfy Rule 8 or establish a prima

---

[14] Dkt. 16 at ¶¶ 4-7, 32-34; *see also* Dkt. 3 at ¶¶ 2-3, 8-10; 15-1 at 1-2.
[15] Dkt. 3 at 2.
[16] Dkt. 3 at 5.
[17] Dkt. 26 at 3.
[18] *Id.*

facie case for summons enforcement under *Powell*. The petition adequately set forth the facts and the United States' grounds for relief, raising this case well above the "speculative level."[19]

 Regardless, the amended petition makes clear that the United States seeks an order compelling Respondent to answer all of the questions posed to her during the interview.[20] It is her burden to establish the existence and applicability of each privilege she asserts.[21] That is, Respondent herself must show that her responses to questions like "From whom did you first hear about TLS," "Who was your supervisor/boss," "What were your job duties at TLS" and "How were you compensated,"[22] to name a few, are protected by the attorney-client privilege or Fifth Amendment privilege against self-incrimination. Because her refusal to comply with the summons is not justified by the privileges she purports to assert, she should be ordered to attend a further summons interview and answer each and every question posed. In the meantime, her motion to dismiss this enforcement proceeding is meritless and should be denied.

---

[19] *Morales-Tañon*, 524 F.3d at 18.
[20] Dkt. 16 ¶¶ 28-34.
[21] *Id.* ¶ 30 (quoting *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991)).
[22] Dkt. 3 15-1 at 2-12.

## Conclusion

For the reasons set forth above, Respondent's second motion to dismiss should be denied.

Dated: March 14, 2025

/s/ *Michael R. Pahl*
MICHAEL R. PAHL
PR No. G04214
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
P: (202) 598-5863
michael.r.pahl@usdoj.gov
*Attorney for United States of America*

## Certificate of Service

I hereby certify that on March 14, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defense counsel.

s/Michael R. Pahl
Michael R. Pahl
Attorney for the United States