IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ANA IZQUIERDO, )<br>)<br>Respondent. ) | Civil Case No. 25-mc-00011 (ADC-GLS) |

**REPLY TO PETITIONER'S RESPONSE TO
RESPONDENT'S SECOND MOTION TO DISMISS**

Respondent, Ana Izquierdo, respectfully submits this Reply to Petitioner's Response to Respondent's Second Motion to Dismiss ("Petitioner's Response"), filed March 14, 2025. (Doc. 27). In support of this Reply, Respondent states as follows:

1. Petitioner appears to argue (at least in part) that his Petition should not be dismissed and that Respondent should be ordered to answer each question posed in a summons interview because Petitioner adequately pled a prima facie case for summons enforcement under *United States v. Powell*, 379 U.S. 48 (1964). *See* Petitioner's Response, at 3-5. Petitioner's argument, however, conflates the standard for summons enforcement with the law applicable to a witness's assertion of privilege as a basis for declining to answer a question. To be clear, Respondent does not contest that Petitioner established a prima facie case for summons enforcement under 26 U.S.C. § 7603(b). Rather, Respondent asserts that she has already complied with the summons by appearing for the summons interview and responding to each question. Specifically, in response to the summons, Respondent appeared at the IRS office, considered each question asked and provided a substantive answer or invoked her Fifth Amendment rights and/or the

Attorney-Client and/or Work Product privileges on a question-by-question basis. See Amended Response to Petition, ¶¶ 14-16. (Doc. 25). There is a difference between, on the one hand, failing to show up for the summons interview and/or showing up but not responding to questions (in which case, assuming satisfaction of the *Powell* factors, a court order enforcing the summons would be appropriate) versus, on the other hand, showing up and providing a response that the IRS does not like, such as an assertion of a privilege. This case falls within the latter situation. The Amended Petition (Doc. 16), however, pleads the former. Petitioner's assertions concerning its compliance with the *Powell* factors are irrelevant to Respondent's arguments and position.

    2.   Where, as here, the recipient of a summons appears before the IRS for a summons interview and claims a privilege as to certain questions on a question-by-question basis, the court must then "evaluate the validity" of the witness's invocation of the privilege on that same question-by-question basis. *See, e.g., United States v. Allee*, 888 F.2d 208, 214 (1st Cir. 1989). It is up to the Petitioner to properly place before the Court the specific questions that Petitioner seeks a Court order directing Respondent to answer and request the Court to engage in that analysis. Respondent respectfully asserts that the Amended Petition failed to do so. Respondent acknowledges that Petitioner, on February 28, 2025, filed a second affidavit of the revenue agent (Doc. 15) that included an "IRS Memorandum of Interview" listing the questions asked during the interview. Nothing within the four corners of Amended Petition itself, however, identified the questions as to which Petitioner seeks relief herein. Moreover, the Amended Petition, in its prayer for relief, does not request this Court to make a determination as to which questions, if any, this Court should rule invalid Respondent's invocation of a privilege. For that reason, this Court should grant Respondent's Second Motion to Dismiss.

3.  If the Court believes Petitioner, through the submission of the affidavit, has properly put forth the questions at issue such that this matter should proceed, then this Court should determine, and advise the parties of, the procedure it wishes to employ to evaluate Respondent's assertion of privilege. Respondent respectfully suggests that, based upon decisions of the Court of Appeals for the First Circuit and district courts within this Circuit, the Court consider the following:

      A.  Respondent respectfully contends that the materials in the record, taken as a whole, provide a sufficient basis for the Court to conclude that Respondent properly invoked her Fifth Amendment rights and the Amended Petition should be dismissed. In *In re Brogna*, 589 F.2d 24 (1st Cir. 1978), a grand jury witness refused to answer certain questions pursuant to the Fifth Amendment. The Government asked the district court to compel the witness to answer. At a hearing on the Government's request, the prosecutor explained to the Court the Government's view of the evidence and the witness's connection to it. The witness's attorney, "without objection or correction by the Assistant United States Attorney, amplified" the Government's description with additional information. *Brogna*, 589 F.2d at 26. The Government argued that the district court could not accept the witness's Fifth Amendment claim without an in camera testimonial proffer. Her lawyer "responded . . . that no such proffer was needed because it was obvious, from the facts already stated, that the claim was justified." *Id.* The district court "sided with the government" and held the in camera session, after which the district court overruled the Fifth Amendment claim. *Id.* at 26-27.

      The witness appealed and the First Circuit reversed, holding "that the court erred in declining to accept Brogna's claim of privilege." *Id.* at 27. The Court stated

3

that, borrowing a phrase used by the lower court, "'the surface of this matter' was instinct with the likelihood that her answers would tend to incriminate her notwithstanding that she was not a target or a person with an evident criminal record." *Id.* The Court went on to say that "[t]he government was also incorrect in thinking that an in camera hearing was required in this case. Whatever the uses of an in camera hearing, one is not required if the external circumstances support the privilege claim." *Id.* at 28. The *Brogna* decision stands for the proposition that if the record contains sufficient information from which a district court can conclude that a witness properly invoked the Fifth Amendment, the court can and should, at that point, uphold the witness's invocation of the privilege.

    B.  In this case, Respondent respectfully contends that the record as a whole, including the memorandum of interview submitted by Petitioner, the Amended Petition and Respondent's answer thereto, and the materials submitted by Respondent with her answer, demonstrate that Respondent has a genuine concern that her answers to the questions pose a danger of self-incrimination. "The availability of the protection offered by the Fifth Amendment requires 'the prospective witness [to] shows at the very least that he is faced with some authentic danger of incrimination.'" *See United States v. LaMotte*, Case No. 15-mc-93017-MGM (D. Mass. Apr. 19, 2016) (available at 2016 WL 2731623) ("*LaMotte I*") at p. *4 (quoting *United States v. Castro*, 129 F.3d 226, 239 (1st Cir. 1997)), *adopted by the District Court*, (Aug. 2, 2016) (available at WL 2733103) ("*LaMotte II*"). "The burden on the witness is not 'particularly onerous . . . . While chimerical fears will not suffice, the prospective witness need only limn some reasonable possibility that, by testifying, he may open himself up to prosecution.'" *LaMotte I* at p.*4 (quoting *Castro*, 129 F.3d at 229). *See also Brogna,* 589 F.2d at 27 ("[t]he privilege against self-incrimination must, however, be

4

accorded liberal construction in favor of the right it was intended to secure"). If the Court agrees with Respondent's view of the record, the Court should dismiss the Amended Petition.

        C.      If, however, the Court believes it requires additional information before making that determination, then Respondent respectfully suggests that Respondent be permitted to submit to the Court, in camera and under seal, a written, question-by-question explanation as to how Respondent's answers to the Government's questions pose a danger of self-incrimination. The litigation in *LaMotte* involved the government's efforts to enforce an IRS summons against a witness who had asserted his Fifth Amendment privilege not to answer questions. The Magistrate Judge scheduled a hearing. The day before the hearing LaMotte asked for and received leave to file a "sur-reply which included a listing of the questions the IRS had asked [LaMotte] and his explanation as to why he should be able to invoke his right under the Fifth Amendment not to answer." *LaMotte II* at p. *1. Respondent in this case respectfully asks, if the Court believes it requires additional information, that she be granted a brief period of time (Respondent respectfully suggests ten (10) days from the time of the Court's ruling) within which to submit a similar document, specifically articulating how answers to the questions posed to her at the summons interview pose a danger of self-incrimination.

        D.      In *LaMotte*, the Magistrate Judge went forward with the hearing, which included testimony from two witnesses, including Respondent. *LaMotte II* at p. *1. In that case, however, LaMotte filed his sur-reply just one day before the hearing. Here, if this Court grants leave to Respondent to file her question-by-question explanation, there may be time for the Court to determine that the Court does not require a hearing with in camera

testimony in order to rule. *See Brogna*, 589 F.2d. at 28 (district court should have upheld Fifth Amendment claim without requiring Brogna to give in camera testimony); *id.* at 28 n. 5 ("If . . . the court refuses to acknowledge the privilege and insists on in camera verification from the lips of the witness even though reasonable grounds for claiming the privilege appear in the surrounding circumstances, the court comes perilously close to doing what the fifth amendment forbids").

WHEREFORE, Respondent respectfully requests that this Court dismiss the Amended Petition for failure to state a claim upon which relief can be granted, award to Respondent a judgement pursuant to 26 U.S.C. § 7430 for her litigation costs incurred herein; and grant such other relief as it deems just and proper.

ALTERNATIVELY, Respondent respectfully requests that the Court determine that the existing record supports Respondent's invocation of her Fifth Amendment privilege and dismiss the Amended Petition, award to Respondent a judgement pursuant to 26 U.S.C. § 7430 for her litigation costs incurred herein; and grant such other relief as it deems just and proper.

ALTERNATIVELY, Respondent respectfully requests that the Court provide Respondent with a reasonable amount of time (Respondent respectfully suggests ten (10) days) within which to explain to the Court under seal and ex parte, specifically as to each question, why her invocations of privileges were and are proper.

Date: March 21, 2024.

Respectfully submitted,

**NEILL SCHWERIN BOXERMAN, P.C.**

By: */s/ Michelle F. Schwerin*
Sanford J. Boxerman #34736MO
Michelle Feit Schwerin #62882MO
120 S. Central Avenue, Ste 725
St. Louis, MO 63105
Telephone: (314) 949-1864
Facsimile: (314 949-1864
boxerman@nsbpc.com
schwerin@nsbpc.com

**MBA LAW**

By: */s/ Mayte Bayolo-Alonso*
Mayte Bayolo-Alonso USDC No. 308109
PO Box 11204
San Juan, PR 00910
Telephone: (787)448-5544
maytebayololaw@gmail.com