

**FOGARTY MUELLER HARRIS, PLLC**
501 E. Kennedy Boulevard, Suite 1030
Tampa, Florida 33602

BRIAN R. HARRIS
813-682-1720 (DIRECT)
brian@fmhlegal.com

March 26, 2025

<u>VIA E-Mail</u>
Michelle Schwerin, Esq.
Neill Schwerin Boxerman, P.C.
120 S. Central Ave., Ste. 725
St. Louis, MO 63105

  Re: TLS Management & Marketing Services, LLC

Ms. Schwerin:

  I represent TLS Management & Marketing Services, LLC. I recently became aware that the United States filed three summons enforcement actions against former employees of my client in the U.S. District Court for the District of Puerto Rico – *United States of America v. Ana Izquierdo*, Case No. 25-mc-00011; *United States of America v. Luis Martinez-Ebra*, Case No. 25-mc-00012; *United States of America v. Yairanisse Rivera-Lopez*, Case No. 25-mc-00013.

  The Declarations of Revenue Agent Jean Lane, which were submitted in support of the Petitions, state that she is pursuing a promoter investigation covering potential promoter penalties against David Runge. Mr. Runge is a former owner of my client.

  The "Memorandum of Summons Interview" dated October 28, 2024, for the interview of Ms. Izquierdo includes numerous questions about her work with my client. [*Izquierdo*, Case 3:25-mc-00011, DE 15-1.] This is particularly troubling because Ms. Izquierdo was formerly the general counsel for TLS Management & Marketing Services, LLC. In that role, she provided legal advice to the company, and much of her work for the company and her communication with its other employees, such as Mr. Runge, would be covered by the attorney-client privilege and possibly work product immunity depending on the circumstances.

  Ms. Lane recently notified TLS Management & Marketing Services, LLC that she is pursuing a similar investigation against it. See Exhibit A, Letter dated February 20, 2025. Despite her questions to Ms. Izquierdo focusing heavily on TLS and encroaching on its attorney-client privilege, the Service did not identify TLS in the summons nor formally notify my client of it. See 26 U.S.C. § 7609(a).

Michelle Schwerin, Esq.
March 26, 2025
Page 2

<u>TLS Management & Marketing Services, LLC or any other associated entity, does not waive attorney-client privilege or any other applicable privilege or immunity with respect to Ms. Izquierdo or any other current or former employee</u>.

To that end, I am enclosing an affidavit from the company attesting to its continued assertion of the attorney-client privilege and any other applicable privileges or immunities.

I trust that Ms. Izquierdo, and Mr. Martinez-Ebra and Ms. Rivera-Lopez, will not disclose any privileged information in their testimony or other response to the summons and that you will take steps to make sure that the privilege is fully protected and not waived in these cases.

If you have any questions or if there is any other information that I can provide, please do not hesitate to contact me.

Sincerely,

FOGARTY MUELLER HARRIS, PLLC

Brian R. Harris

Enclosure

# Exhibit

# A



**Department of the Treasury
Internal Revenue Service
SBSE - Examination Division**
1122 Town & Country Commons
Chesterfield, MO 63017

Date:
2/20/2025

Taxpayer ID number (last 4 digits):
0218

Tax penalties:
civil penalties

Calendar years:
2013 through 2025

Contact period:
4/7/2025 through 4/7/2026

Person to contact:
Name: Jean Lane
ID number: 1000255927
Telephone: 636-255-1384
Fax: 855-250-3843
Hours: 6:30-3:00

TLS Management & Marketing Services LLC
268 Munoz Rivera, Suite 1006
Hato Ray, PR 00918

Dear TLS Management & Marketing Services LLC:

We're in the process of reviewing your participation and conduct in activities which might result in an understatement of a taxpayer's federal tax liability. Generally, we deal directly with you or your duly authorized representative. However, sometimes we talk with other people if we need information that you've been unable to provide, or to verify information we've received.

**We're writing to tell you that we intend to contact other people during the contact period shown above.** When we contact other people, we generally need to tell them limited information, such as your name. The law prohibits us from disclosing any more information than is necessary to obtain or verify the information we are seeking. You have the right to request a list of the people we contact. You may make your request by phone, in writing, by fax, or when speaking with an IRS employee.

For a summary of this letter or additional resources visit **IRS.gov/ltr3164**. If you have questions about this letter or wish to request a list of contacts, you can contact the employee listed above. You can fax your request using either a fax machine or online fax service. Protect yourself when sending digital data by understanding the fax service's privacy and security policies. **You're not required to respond to this letter.**

Sincerely,

Jean A. Lane   Digitally signed by Jean A. Lane
Date: 2025.02.20 12:06:16 -06'00'

Jean Lane
Lead Revenue Agent

**Letter 3164-P (Rev. 6-2023)**
Catalog Number 73199O



**Department of the Treasury
Internal Revenue Service
Small Business / Self-Employed Division**

1122 Town & Country Commons
Chesterfield, MO 63017

Brian R. Harris, Esq.
501 E. Kennedy Blvd., Suite 1030
Tampa, FL 33602

**Date:**
02/20/2025

**Taxpayer ID number (last 4 digits):**
0218

**Taxpayer name:**
TLS Mangement & Marketing Services LLC

**Form number:**
N/A - civil penalty

**Years:**
2013-2025

**Person to contact:**
Jean Lane

**Employee ID number:**
1000255927

**Contact telephone number:**
636-255-1684

**Contact fax number:**
855-250-3843

Dear Brian Harris:

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

**Jean A. Lane** Digitally signed by Jean A. Lane
Date: 2025.02.20 12:10:51 -06'00'

Jean Lane
Internal Revenue Agent

Enclosures:
☒ Letters 3164-P
☐ Reports
☐ Copy of Determination Letter
☐ Other

**Letter 937 (Rev. 3-2017)**
Catalog Number 30760X

# Exhibit

# B

# AFFIDAVIT OF TLS MANAGEMENT & MARKETING SERVICES, LLC

I, Aileen Díaz Ortiz, in my capacity as Company Manager of TLS Management & Marketing Services, LLC and other related companies and affiliates (collectively "TLS"), declare as follows:

1. I am over 18 years of age and make this affidavit of my own personal knowledge.

2. I am the Company Manager of TLS, a company located at 268 Muñoz Rivera, Suite 1006, Hato Rey, Puerto Rico 00918. In my role at the company, I have knowledge of its former employees and their duties.

3. The company recently learned that three of its former employees – Ana Izquierdo Henn, Luis Martínez-Ebra and Yairanisse Rivera-Lopez - are the subject of summons enforcement cases in the U.S. District Court for the District of Puerto Rico where the United States seeks to compel them to testify about their work at TLS, including matters that may be privileged.

4. Ana Izquierdo Henn was formerly employed at TLS from April 24, 2017 to February 19, 2021.

5. During her employment with TLS, Ana Izquierdo Henn served as a Tax Consultant, from April 24, 2017 to July 31, 2017; as General Counsel-Tax Consultant, from August 1, 2017 to December 31, 2019, and as General Counsel-Director of PR Business Development, from January 1, 2020 to February 19, 2021.

6. In her capacity as a Tax Consultant, General Counsel-Tax Consultant and General Counsel-Director of PR Business Development, Ms. Izquierdo was a member of TLS legal department, and as such she worked on a variety of legal matters, provided legal advice to the company, and engaged in privileged conversations and other communications.

6. TLS does not waive any attorney-client privilege or any other privilege or immunity with respect to Mr. Izquierdo's summonsed testimony. This includes her work at the company and any privileged communications that she may have had with employees, agents, contractors or others.

7. To the extent that Luis Martínez-Ebra and Yairanisse Rivera-Lopez possess attorney-client privileged information, the company likewise does not waive that privilege or any other applicable privilege or immunity with respect to their summonsed testimony.

I declare under penalty of perjury of the law of the United States that the foregoing is true and correct. On this 26th day of March, 2025.

TLS

By: _____
Name: Aileen Díaz
Title: Company Manager

2