IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America, | ) |
| Petitioner, | ) Case No. 25-mc-00011 (ADC-GLS) |
| v. | ) |
| Ana Izquierdo, | ) |
| Respondent. | ) |

**United States' Response to Court Request
Regarding TLS Management & Marketing Services, LLC's Filing**

**Question Presented:**

Does the filing by TLS Management & Marketing Services, LLC ("TLS"), ECF No. 30, moot the United States' motion to compel as to any questions posed to Respondent Ana Izquierdo by the IRS?

**Answer:**

No. It is undisputed that Respondent was formerly employed by TLS as an attorney[1] and therefore *may be* entitled to refuse to answer *certain* questions posed to her based on the attorney-client privilege. The Court can only make this decision, however, after examining Respondent in a sealed hearing attended by counsel to determine if the attorney-client privilege (or Fifth Amendment privilege) was properly invoked as to each question for which it was asserted.[2]

---

[1] Dkt. 30-1.
[2] *In re Grand Jury Subpoena*, 273 F.Supp.3d 296, 299 (D. Mass. 2017)(proper procedure in

## Discussion

At the status conference, the Court asked government counsel to provide a written response to address whether the filing by TLS mooted the Government's motion to compel as to any questions posed to Respondent by the IRS.

Respondent refused to answer numerous questions asked of her by the IRS, asserting her Fifth Amendment right against self-incrimination and the attorney-client privilege; she asserted the attorney-client privilege as the basis to refuse responding to all or part of 56 questions.[3] Many of the questions posed by the IRS and resisted by Respondent do not appear to implicate the attorney-client privilege, including:

- Respondent's job duties, which may include acts not undertaken as an attorney or that do not involve privileged communications;
- Services provided, which may not involve privileged communications;
- Respondent's compensation;
- Whether Respondent was a contractor or W-2 employee;
- Who owns TLS;
- What percentage of time she performed work for TLS's customers;

---

assessing attorney-client privilege claim is sealed hearing involving counsel for each interested party).

[3] Dkt. 15 and 15-1.

- Respondent's role in creating her own trust (the ACIH Irrevocable Grantor Trust);

- Roles of other persons at TLS; and

- How many days a year TLS's owners resided in Puerto Rico.[4]

TLS, through Respondent, filed a declaration and letter in this case.[5] TLS states that Respondent "was formerly the general counsel for TLS, provided legal advice to the company, and much of her work for the company and her communication with its other employees, such as Mr. Runge, would be covered by the attorney-client privilege and possibly work product immunity *depending on the circumstances*." (italics added).[6] It also contends that "she worked on a variety of legal matters, provided legal advice to the company, and engaged in privileged conversations and other communications."[7]

TLS's submission does not moot the United States' motion as to any of the questions posed by the IRS because, as TLS concedes, the proper assertion of the attorney-client privilege is highly fact-dependent. The Court can only make the decision as to whether the attorney-client privilege applies to a question after a

---

[4] Dkt. 15-1.
[5] Dkt. 30 and 30-1.
[6] *Id.*
[7] Dkt. 30-1 at ¶ 6.

"sealed hearing involving counsel for each interested party"[8] (Respondent and the United States).

The attorney-client privilege is the privilege of a client to refuse to testify, or to have his attorney testify, as to confidential communications between the two made in the course of seeking or providing legal services.[9] The privilege only concerns *confidential communications* between the attorney and client; it does not protect the identity of clients, fee arrangements, or other non-privileged items.[10] Instead, only those disclosures that are necessary to obtain informed legal advice and that would not be made without the privilege are protected by the privilege.[11] Moreover, the attorney-client privilege is construed narrowly in the context of an IRS investigation "given the 'congressional policy choice in favor of disclosure of all information relevant to a legitimate IRS inquiry."[12] "The party who invokes the privilege bears the burden of establishing that it applies to the communications at issue and that it has not been waived."[13]

---

[8] *In re Grand Jury Subpoena*, 273 F.Supp.3d 296, 299 (D. Mass. 2017)(proper procedure in assessing attorney-client privilege claim is sealed hearing involving counsel for each interested party).
[9] *In re Grand Jury Proceedings*, 417 F.3d 18, 21 (1st Cir. 2005); *see also Fisher v. United States*, 425 U.S. 391, 403 (1976); *Cavallaro v. United States*, 284 F.3d 236, 245 (1st Cir. 2002).
[10] *Reiserer v. United States*, 229 F.R.D. 172, 178-79 (W.D. Mass. 2005).
[11] *Fisher v. United States*, 425 U.S. 391 (1976).
[12] *Cavallaro v. United States*, 284 F.3d 236, 245 (1st Cir. 2002), quoting *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984).
[13] *In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003).

Here, TLS's submission shows that it does not voluntarily waive any applicable privilege, but it does not establish that the attorney-client privilege attaches to the 56 full or partial questions in response to which it was asserted by Respondent. The Court can only make this determination after examining Respondent at a "sealed hearing involving counsel for each interested party"[14] (Respondent and the United States).

Accordingly, TLS's submission has not mooted any issues before the Court.

Dated: April 21, 2025         /s/ Michael R. Pahl
                              MICHAEL R. PAHL
                              PR No. G04214
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              P.O. Box 7238
                              Washington, D.C. 20044
                              P: (202) 598-5863
                              michael.r.pahl@usdoj.gov

                              Attorney for the United States

**Certificate of Service**

I hereby certify that on April 21, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based

---

[14] *In re Grand Jury Subpoena*, 273 F.Supp.3d 296, 299 (D. Mass. 2017)(proper procedure in assessing attorney-client privilege claim is sealed hearing involving counsel for each interested party).

on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defense counsel.

s/Michael R. Pahl  
Michael R. Pahl  
Attorney for the United States