IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America,<br>Petitioner,<br><br>v.<br><br>Luis Martínez-Ebra,<br>Respondent. | Misc. No. 25-11 (GMM) (Lead Case)<br>Misc. No. 25-12 (GMM) |

**REPORT AND RECOMMENDATION**

Before the Court is Respondent Luis Martínez-Ebra's second motion to dismiss the Petition at Docket No. 23. Petitioner, the United States of America, on behalf of the Internal Revenue Service ("IRS"), filed an opposition at Docket No. 25. Respondent replied. Docket No. 26. The motion was referred to me for a Report and Recommendation at Docket No. 41 Based upon the parties' motions and the relevant case law, I recommend that the motion to dismiss at Docket No. 23 be **DENIED**.

**I.    Background**

On January 23, 2025, the United States filed a Petition to enforce summons issued by the IRS under 26 U.S.C. §§ 7402(b), 7604(a). Docket No. 3. The United States alleges that the IRS summoned Respondent to appear for an interview on July 11, 2024, in furtherance of an investigation of David Runge, who the IRS is investigating as a suspected promoter of a Puerto Rico Act 60 scheme. Respondent appeared for his interview on July 11, 2024. However, the United States alleges that Respondent failed to comply with the summons because he answered some questions but refused to answer others by invoking his rights under the Fifth Amendment. The United States asserts that Respondent blanketly invoked his Fifth Amendment right against self-incrimination and requests that the Court order Respondent to show cause as to why he failed to comply with the summons and to compel him to answer the questions posed by the IRS. In support of the Petition, the United States submitted a declaration of IRS agent Jean A. Lane and evidence

United States of America v. Luis Martínez-Ebra
Civil No. 25-12 (GMM)

of the served summons. Docket Nos. 3-1, 3-2. On March 7, 2025, the United States filed a supplemental declaration of IRS agent Jean A. Lane with a copy of the IRS Memorandum of Summons Interview, which contains the questions posed by the IRS and Respondent's answers. Docket No. 24-1.

On March 5, 2025, Respondent submitted an amended response to the petition and a second motion to dismiss for failure to state a claim. Docket Nos. 22, 23. Respondent makes two arguments. First, that he complied with the summons by attending the interview and responding to each question. Second, that the petition did not contain a specific list of questions that the IRS wished for him to answer and, in any case, that he has invoked the relevant privileges on a question-by-question basis. As an alternative to dismissal, Respondent requests that the Court require the IRS to provide a list of questions for him to substantiate his Fifth Amendment claim. The United States replied on March 14, 2025, claiming that it established a *prima facie* case for summons enforcement under United States v. Powell, 379 U.S. 48 (1964) and that its petition satisfied Rule 8(a) of the Federal Rules of Civil Procedure. Docket No. 25. The United States further argued that it already submitted the list of questions at issue when it submitted the IRS's Memorandum of Summons Interview at Docket No. 24-1. Nevertheless, Respondent insists that the United States has not identified the questions for which they seek to compel an answer. Docket No. 26. And that, in the alternative, the Court should provide him with a reasonable amount of time to sustain, *ex parte* and under seal, his privilege claims. Docket No. 26 at p. 6.[1]

## II.    Legal Standard

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the pleadings. To survive a motion to dismiss, a complaint must establish "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007); Rodríguez–Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007); FED. R. CIV. P. 12 (b)(6). A claim is plausible when the facts alleged allow for "a reasonable inference that the defendant is liable for

---

[1]    In support of his request Respondent submitted two declarations. The first is an affidavit by counsel of Respondent at Docket No. 22-1, which the United States has sought that the Court strike from the record. See Docket No. 29. The matter has not been referred to me, but I nonetheless find no reason to consider the content of that affidavit to make my recommendation on the pending motion to dismiss. The second is a statement from TLS Management & Marketing Services LLC ("TLS"). Docket No. 28-1. In that statement, TLS informs that Respondent is a former employee and that "to the extent that [Respondent] possess[es] attorney-client privileged information, the company [does] not waive that privilege or any other applicable privilege or immunity with respect to [his] summoned testimony." Docket No. 28-1 at p. 8. The Government has argued that the TLS affidavit is irrelevant because Respondent is not an attorney, did not raise the attorney-client privilege as grounds to not answer the IRS' questions or that he engaged in privileged communications with TLS. Docket No. 33.

2

United States of America v. Luis Martínez-Ebra
Civil No. 25-12 (GMM)

the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663-664 (2009). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in considering a motion to dismiss, the Court must accept the well-pleaded factual allegations in the complaint as true and resolve all inferences in favor of the plaintiffs. Mississippi Pub. Employees' Ret. Sys. v. Bos. Sci. Corp., 523 F.3d 75, 85 (1st Cir. 2008); ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008).

### III.    Discussion

### A.    The United States submitted the questions the IRS seeks to compel Respondent to answer.

Pleadings must plainly and briefly state a claim that demonstrates that the plaintiff is entitled to relief. FED. R. CIV. P. 8. Copies of written instruments attached as exhibits to a pleading are "part of the pleading for all purposes," including for Rule 12(b)(6). FED. R. CIV. P. 10; Trans-Spec Truck Service, Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008). The Memorandum of Summons Interview included by the United States at Docket No. 24-1 includes roughly fifty-eight (58) questions, many with several sub-questions which Respondent generally refused to answer in their totality based on Fifth Amendment privilege grounds and a non-disclosure agreement. The Respondent does not contest that the Memorandum of Summons Interview accurately represents the events of his interview with the IRS on July 11, 2024. Docket No. 26.

The questions identified in IRS agent Jean A. Lane's second affidavit at Docket No. 24-1, which the United States alleges Respondent refused to answer, form part of the petition. When the United States initiated this enforcement action on the grounds that Respondent improperly declined to respond to specific questions and eventually attached the Memorandum of Summons Interview to the declaration of the IRS agent submitted in support of the petition, the United States effectively put the Respondent on notice of which questions it sought to compel him to answer. Accordingly, Respondent's contention that the enforcement action should be dismissed for failure to provide the questions at issue is without merit. The record plainly identifies the questions underlying the requested relief.

### B.    Respondent made a blanket assertion of privilege.

The IRS is responsible for "administering and enforcing the Internal Revenue Code," including those provisions relating to suspected fraud. U.S. v. LaSalle Nat. Bank, 437 U.S. 298, 308 (1978). Special agents are thus undisputably authorized to issue summons to further a tax investigation. 26 U.S.C. § 7602; U.S. v. Euge, 444 U.S. 707, 710 (1980); Couch v. U.S., 409 U.S.

3

322, 326 (1973). The IRS' summons powers extend to both taxpayers and third-party record holders. United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984). When summoned, taxpayers have a duty to produce information which may be relevant or material "to an investigation of federal tax liability." Euge, 444 U.S. at 712.

The IRS may petition a district court to compel compliance with its summons when a summoned party has failed to appear for an interview or failed to provide testimony or produce documents as required. 26 U.S.C. §§ 7604, 7609. The enforcement of an IRS summons is contingent on a court's approval and court enforcement of an IRS summons is "summary in nature" and adversarial. U.S. v. Clarke, 573 U.S. 248, 253-254 (2014); U.S. v. Stuart, 489 U.S. 353, 369 (1989). But the IRS is not required to establish probable cause to issue the summons. Rather, the IRS must merely demonstrate that it is conducting a relevant inquiry pursuant to a legitimate purpose. United States v. Powell, 379 U.S. 248, 57-58 (1964).[2] In Arthur Young & Co., the U.S. Supreme Court established that IRS enforcement proceedings do not operate under the same standards as traditional federal civil litigation. 465 U.S. at 814 ("IRS summons [are] not to be judged by the relevance standards used in deciding whether to admit evidence in federal court."). Rather, it held that the language of Section 7602 likely reflects "Congress' express intention" to invest the IRS with broad discovery powers that extend even to items of "*potential* relevance to an ongoing investigation, without reference to admissibility." Id. (emphasis in the original). Nonetheless, this is not to say that a taxpayer's duty to produce information may not be limited by the application of "traditional privileges and limitations." Euge, 444 U.S. at 714. As such, "[t]axpayers have Fifth Amendment rights not to be forced to incriminate themselves by the compelled act of production" when summoned. U.S. v. Zhong H. Chen, 813 F. 3d 72, 74 (1st Cir. 2016).

The Fifth Amendment provides a constitutional privilege against self-incrimination, guaranteeing that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. The privilege protects witnesses and defendants. Lefkowitz v. Turley, 414 U.S. 70, 77 (1973) (citing McCarthy v. Arndstein, 266 U.S. 34, 40 (1924)). It extends to "civil or criminal, administrative or judicial, investigatory or adjudicatory" proceedings in

---

[2]    The U.S. Supreme Court outlined four factors needed for the enforcement of a summons: (1)"the investigation will be conducted pursuant to a legitimate purpose;" (2) "that the inquiry may be relevant to the purpose;" (3) that such information is not already in the possession of the IRS and (4) adherence to the "administrative steps required by the [Internal Revenue] Code." Powell, 379 U.S. at 57-58.

United States of America v. Luis Martínez-Ebra
Civil No. 25-12 (GMM)

which the witness reasonably believes that his answer could be "used in a criminal prosecution or could lead to other evidence that might be so used." Kastigar v. U.S., 406 U.S. 441, 446 (1972); see also Hoffman v. U.S., 341 U.S. 479, 485 (1951) (the privilege extends to those answers "which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime."). However, this protection is not unlimited— a "witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself." Id. at 486. Rather, the witness must have a reasonable cause to fear the potential implications of the answer. Id. To invoke the privilege, the questions posed need not be directly incriminating. U.S. v. Castro, 129 F.3d 226, 229 (1st Cir. 1997). But it must "be evident from the implications of the question, in the setting in which it is asked, that a responsive answer" could be incriminating. Id.; Hoffman, 341 U.S. at 486-487. Courts are charged with determining whether the witness faces the danger of prosecution. Id. at 487; United States v. Donovan, 116 F.4th 1, 7 (1st Cir. 2024) (emphasizing the district court's discretion to determine the witnesses' potential exposure to prosecution).

A blanket assertion of privilege occurs when the witness refuses to answer questions or produce documents without asserting privilege on a question-by-question or item-by-item basis. See 1 McCormick On Evid. §130 (9th ed.). Such indiscriminate and general assertions are disfavored and insufficient to establish protection as these hinder the court's ability to conduct a "particularized inquiry" to determine whether the privilege applies. In re Grand Jury Matters, 751 F.2d 13, 17 n.4 (1st Cir. 1984) (quoting In re Grand Jury Witness (Salas), 695 F.2d 359, 362 (9th Cir. 1982)); In re Grand Jury Subpoena (Mr. S), 662 F.3d 65, 71 (1st Cir. 2011) (The applicability of a privilege "demands a highly fact-specific analysis— one that most often requires the party seeking to validate a claim of privilege to do so document by document."); Vázquez-Rijos v. Anhang, 654 F.3d 122, 129 (1st Cir. 2011) (failure to make a question by question invocation prevents the court from determining whether a respondents' silence is justified for each specific item requested). There are several circumstances that courts deem impermissible blanket assertions of privilege. For instance, when a party refuses to appear for a scheduled deposition based on an intended invocation of privilege instead of appearing for deposition and *then* refusing to answer specific questions posed. Vázquez-Rijos, 654 F.3d at 128-129 (emphasis added). When a party has generally refused to produce an entire file or broad category of documents without identifying which specific communications are confidential. In re Grand Jury Subpoena (Mr. S.), 662 F.3d at

5

71. And when a party has refused to answer questions or produce documents based on a general fear of incrimination. U.S. v. Allee, 888 F.2d 208, 212 (1st Cir. 1989).

Having reviewed the Memorandum of Summons Interview, I find that Respondent made a blanket invocation of the Fifth Amendment privilege against self-incrimination. Respondent failed to invoke the privilege on a question-by-question basis. The Memorandum of Summons Interview states that "Martinez refused to answer the following questions, claiming the 5th Amendment and his non-disclosure agreement *in response to each question*." Docket No. 24-1 p. 2 (emphasis added). Yet Respondent failed to assert the privilege on a question-by-question basis or otherwise distinguish between those questions he allegedly declined to answer on Fifth Amendment grounds and those he refused to answer pursuant to the purported non-disclosure agreement. As a result, the record leaves the Court unable to determine which was the actual basis for Respondent's refusal to answer each question. This deficiency is material, especially because a private non-disclosure agreement does not constitute a lawful basis for refusing to answer questions posed pursuant to an IRS summons. See Arthur Young & Co., 465 U.S. at 814 (given Congress' clear intent to afford the IRS broad investigatory authority, a private contractual agreement does not override a federal tax investigation). Accordingly, although a review of the questions posed by the IRS leads me to conclude that some, by their nature, could potentially incriminate Respondent, to the extent that Respondent made a blanket assertion of the privilege, I am unable to ascertain whether the assertion of the Fifth Amendment privilege was sound. See Castro, 129 F.3d at 229 (need to evaluate whether a reply to a seemingly innocuous question reasonably will tend to sculpt a rung in the ladder of evidence leading to prosecution); In re Kave, 760 F.2d 343, 355 (1st Cir. 1985) ("to sustain the privilege, it need only be evident that a responsive answer to the question, or an explanation of why it cannot be answered, is potentially incriminating.") (citing Hoffman, 341 U.S. at 486-487).

## IV.    Conclusion

Because Respondent asserted a blanket Fifth Amendment objection without identifying the specific questions that could lead to his incrimination, the Court lacks the factual basis necessary to conduct the particularized inquiry required to determine whether the privilege applies. I thus recommend that at this juncture Respondent's motion to dismiss be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen

United States of America v. Luis Martínez-Ebra
Civil No. 25-12 (GMM)

(14) days to file any objections to this Report and Recommendation. Failure to file specific objections within the specified time precludes further review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F. 2d 22, 30-31 (1st Cir. 1992); Maisonet v. Genett Group, Inc., 863 F.Supp.2d 138, 143 (D.P.R. 2012) (absent specific objection, no obligation to review portion of Magistrate Judge's recommendation).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 13th day of May 2026.

 s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

7