**IN THE UNITED STATED DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-mc-00011 (GMM-GLS) (lead case) |
| | ) | Case No. 25-mc-00012 (GMM-GLS) |
| LUIS MARTINEZ-EBRA, | ) | |
| | ) | |
| Respondent. | ) | |

**OBJECTION OF RESPONDENT, LUIS MARTINEZ-EBRA, TO REPORT AND RECOMMENDATION**

Respondent, Luis Martinez-Ebra, pursuant to 28 U.S.C. § 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72(d) of the Local Rules of this Court, hereby objects to the Report and Recommendation (Doc. 48) (the "R&R") entered in this case on May 13, 2026, to the extent the R&R incorrectly found that "Respondent made a blanket invocation of the Fifth Amendment privilege against self-incrimination [and] failed to invoke the privilege on a question-by-question basis." R&R at p. 6.

**Factual and Procedural Background**

On July 11, 2024, after having previously received an Internal Revenue Summons ("IRS") pursuant to 26 U.S.C. § 7602 *et seq.*, Mr. Martinez appeared as directed for questioning by IRS employees, primarily Revenue Agent Jean A. Lang. *See* Memorandum of Interview ("MOI") (Doc. 24-1 in Case No. 25-mc-00012[1]) at p. 1. Mr. Martinez "answered some questions." R&R at p. 1. *See also* MOI at pp. 1-2 (setting forth 11 paragraphs of information which Mr. Martinez provided in response to specific questions posed throughout the summons

[1] On or about July 30, 2025, this Court ordered the consolidation of Case No. 25-mc-00012, and one other.case (Case No. 25-mc-00013), with this Case No. 25-mc-00011.

interview). Mr. Martinez, however, "refused to answer others by invoking his rights under the Fifth Amendment." R&R at p. 1. *See also* Petition to Enforce Internal Revenue Service Summons. (Doc. 3 in Case No. 25-mc-00012) (the "Petition") at p. 2, ¶ 7 (Mr. Martinez's "refusal to respond to questions was based upon an invocation of his Fifth Amendment right").

Petitioner United States subsequently brought in this Court the Petition. Mr. Martinez moved to dismiss the Petition on the grounds, *inter alia*, that the Petition did not include a list of the questions as to which the United States wished the Court to order Mr. Martinez to answer and, therefore, did not state a claim upon which relief can be granted. (Doc. 23 in Case No. 25-mc-00012). Two (2) days later the United States filed a Supplemental Declaration of Revenue Agent Lang, along with her MOI. (Docs. 24 and 24-1 in Case No. 25-mc-00012). The MOI listed 58 questions which Mr. Martinez had declined to answer during his summons interview. MOI at pp. 2-5.

The R&R recommended that this Court deny Mr. Martinez's motion to dismiss. R&R at pp. 1, 6. Mr. Martinez does not object to that recommendation.[2]

The R&R also found, however, that Mr. Martinez failed to assert his Fifth Amendment rights "on a question-by-question basis" but instead "made a blanket invocation of the Fifth Amendment privilege." R&R at p. 6. For the reasons that follow, Mr. Martinez does object to that finding. That finding is clearly erroneous, and this Court should reject it.

[2] Mr. Martinez respectfully believes that, as a technical matter, the Petition did not state a claim because the Petition did not, within its four corners, identify the questions which Petitioner wanted the Court to order Mr. Martinez to answer. As a practical matter, however, the subsequent filing of the MOI has identified those questions.

## **Argument**

***Jurisdiction and Standard of Review***

When a Magistrate Judge files proposed findings and recommendations with the Court, any party, within 14 days after receiving a copy, "may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C). In this case, the R&R was filed on May 13, 2026, and Mr. Martinez received a copy the same day via the Court's electronic filing system. Mr. Martinez had until May 27, 2026, to file his objection. This filing is timely.

This Court should review the record *de novo* and determine that the R&R erred in labeling as a "blanket assertion" Mr. Martinez's invocation of his Fifth Amendment rights. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

***The R&R erred in finding Mr. Martinez's invocation of his Fifth Amendment to be a blanket assertion.***

This Court should reject the R&R's finding of a blanket assertion of the Fifth Amendment by Mr. Martinez because the R&R itself, the MOI and the pleadings in this proceeding all demonstrate the error of that finding.

The R&R itself demonstrates that Mr. Martinez did not make a blanket assertion but asserted privilege on a question-by-question basis. In its "Background" section, the R&R correctly characterizes the United States' position that Mr. Martinez "answered some questions but refused to answer others by invoking his rights under the Fifth Amendment." R&R at p. 1.

The R&R also provides examples of how witnesses sometimes make improper blanket assertions: (1) "when a party refuses to appear for a scheduled deposition based on an intended

invocation of privilege instead of appearing for deposition and *then* refusing to answer specific questions posed," R&R at p. 5 (emphasis in original); (2) "[w]hen a party has generally refused to produce an entire file or broad category of documents without identifying which specific communications are confidential," *id.*; and (3) "when a party has refused to answer questions or produce documents based on a general fear of incrimination." *Id.* at p. 6.[3] None of these examples describes Mr. Martinez's situation. He appeared for the summons interview, answered some questions, and refused to answer other, specific questions. The summons did not call upon him to produce any documents. And he has not asserted a general fear of incrimination but has provided the Court with specific reasons as to why a reasonable probability exists that his answers to some questions could expose him to prosecution. *See* Amended Response to Petition ("Response") (Doc. 22 in Case No. 25-mc-00012) at pp. 2-3, ¶¶ 9-10.[4]

The MOI itself also establishes that Mr. Martinez invoked his Fifth Amendment privilege on a question-by-question basis. The MOI describes the information that Mr. Martinez provided at his summons interview. *See* MOI at pp. 1-2 (setting forth 11 paragraphs introduced by the phrase "Martinez said the following"). Mr. Martinez did not provide that information in narrative form, unprompted by Revenue Agent Lane. He provided the information in response to specific questions in response to specific questions posed by the revenue agent.[5]

---

[3] The R& cites *United States v. Allee*, 888 F.2d 208, 212 (1st Cir. 1989) in support of its third example. In that case, however, the witness never asserted privilege in response to any specific questions but invoked the Fifth Amendment as his basis for refusing to answer any questions at all.

[4] These reasons are (1) it is not uncommon for the IRS to refer a promoter investigation for criminal prosecution; (2) the IRS has publicly identified Puerto Rico Acts 20 and 22 (now Act 60) as a priority for civil and criminal enforcement; (3) the Petition in this case uses the terms "false," "fraudulent" and "abusive tax shelter"; and (4) the United States has alleged that Mr. Martinez's employer may have participated in fraudulent or false transactions.

After describing the information provided by Mr. Martinez in response to various questions asked of him at the summons interview, the MOI then lists 58 specific questions which Mr. Martinez refused to answer. MOI at pp. 2-5. The MOI's presentation of 58 numbered questions which Mr. Martinez refused to answer renders it difficult to understand how the R&R could conclude that Mr. Martinez made a blanket Fifth Amendment assertion rather than asserting the privilege question-by-question. Clearly, he did the latter.

A careful review of the R&R and the MOI leads Mr. Martinez's undersigned counsel to believe that the R&R's criticism of Mr. Martinez is not that he failed to assert his privilege question-by-question but that, as far as the Magistrate Judge could tell, he did not clearly identify when he was refusing to answer a question upon Fifth Amendment grounds as opposed to another basis. *See* R&R at p. 3 (Mr. Martinez refused to answer 58 questions "based on Fifth Amendment privilege grounds and a non-disclosure agreement"); *id.* at p. 6 (Mr. Martinez failed to "distinguish between those questions he allegedly declined to answer on Fifth Amendment grounds and those he refused to answer pursuant to [a] purported non-disclosure agreement").[6] Mr. Martinez's undersigned counsel further believe that certain wording used in the MOI may have created the incorrect impression that Mr. Martinez based his refusal to answer certain questions upon any basis other than the Fifth Amendment. Before listing the 58 questions which Mr. Martinez did not answer, the MOI states, "Mr. Martinez refused to answer the following

---

[5] By the count of Mr. Martinez's counsel, Mr. Martinez answered approximately 29 questions. *See* Response at p. 1, ¶ 7.

[6] *Compare* Report and Recommendation with respect to Anna Izquierdo (Doc. 47) at pp. 5-6 (no blanket assertion of privilege in that case because the witness specified which privilege or privileges she was invoking with respect to each particular question).

questions, claiming the 5th Amendment and his non-disclosure agreement in response to each question." MOI at p. 2.

Undersigned counsel, both of whom attended and participated in the summons interview, believe either that the Revenue Agent drafted the MOI imprecisely or, perhaps due to a miscommunication between her and counsel, did not understand that Mr. Martinez's refusal to answer the 58 specific questions rested entirely upon the Fifth Amendment and not at all upon the existence of a non-disclosure agreement. To remove all doubt, Mr. Martinez, through his counsel, hereby reaffirms that he is invoking only the Fifth Amendment as his basis for not having answered the 58 questions set forth in the MOI.

But this Court need not rely upon the preceding paragraph to conclude that only the Fifth Amendment is at play in this case, because the pleadings herein already make that clear. The Petition, by which the United States initiated this proceeding, identifies the Fifth Amendment as the only basis upon which Mr. Martinez refused to answer questions. *See* Petition at p. 2, ¶ 7 ("Respondent's refusal to respond to questions was based upon an invocation of his Fifth Amendment right to avoid self-incrimination"). And Mr. Martinez's Response to the Petition makes no mention of a non-disclosure agreement. The Petition and the Response taken together clearly identify the Fifth Amendment as the basis upon which Mr. Martinez declined to answer certain specific questions.

## Conclusion and Proposed Procedure Going Forward

For the reasons stated above, Mr. Martinez does not object to the R&R's recommendation that this Court deny Mr. Martinez's motion to dismiss the Petition. Mr. Martinez does object to, and asks this Court to reject, the R&R's finding that Mr. Martinez made a blanket assertion of the Fifth Amendment.

If this Court follows the R&R's recommendation and denies the motion to dismiss, then Mr. Martinez respectfully proposes that the Court provide Mr. Martinez the opportunity to demonstrate that he has properly invoked the Fifth Amendment with respect to the 58 questions set forth in the MOI. "The availability of the protection offered by the Fifth Amendment requires 'the prospective witness [to] show at the very least that he is faced with some authentic danger of incrimination.'" *See United States v. LaMotte*, Case No. 15-mc-93017-MGM (D. Mass. Apr. 19, 2016) (available at 2016 WL 2731623) ("*LaMotte I*") at p. *4 (quoting *United States v. Castro*, 129 F.3d 226, 239 (1st Cir. 1997)), *adopted by the District Court*, (Aug. 2, 2016) (available at WL 2733103) ("*LaMotte II*"). "The burden on the witness is not 'particularly onerous . . . . While chimerical fears will not suffice, the prospective witness need only limn some reasonable possibility that, by testifying, he may open himself up to prosecution.'" *LaMotte I* at p.*4 (quoting *Castro*, 129 F.3d at 229). *See also In re Brogna,* 589 F.2d 24, 27 (1st Cir. 1978) ("[t]he privilege against self-incrimination must, however, be accorded liberal construction in favor of the right it was intended to secure").

Specifically, Mr. Martinez respectfully suggests that the Court permit him to submit to the Court, in camera and under seal, a written, question-by-question explanation as to how Respondent's answers to the Government's questions pose a danger of self-incrimination. The litigation in *LaMotte* involved the government's efforts to enforce an IRS summons against a witness who had asserted his Fifth Amendment privilege not to answer questions. The Magistrate Judge scheduled a hearing. The day before the hearing LaMotte asked for and received leave to file a "sur-reply which included a listing of the questions the IRS had asked [LaMotte] and his explanation as to why he should be able to invoke his right under the Fifth Amendment not to answer." *LaMotte II* at p. *1. Mr. Martinez respectfully asks that he be granted a period of time

within which to submit a similar document, specifically articulating, question-by-question, how answers to each of the 58 questions poses a danger of self-incrimination.[7]

Date: May 27, 2024.

Respectfully submitted,

**NEILL SCHWERIN BOXERMAN, P.C.**

By: */s/ Sanford J. Boxerman*
Sanford J. Boxerman #34736MO
Michelle Feit Schwerin #62882MO
120 S. Central Avenue, Ste 625
St. Louis, MO 63105
Telephone: (314) 949-1864
Facsimile: (314 949-1864
boxerman@nsbpc.com
schwerin@nsbpc.com

**MBA LAW**
By: */s/ Mayte Bayolo-Alonso*
Mayte Bayolo-Alonso USDC No. 308109
PO Box 11204
San Juan, PR 00910
Telephone: (787)448-5544
maytebayololaw@gmail.com

[7] In *LaMotte*, the Magistrate Judge went forward with the previously-scheduled hearing, which included testimony from two witnesses, including LaMotte, the respondent. *LaMotte II* at p. *1. In that case, however, LaMotte filed his sur-reply just one day before the hearing. Here, if this Court grants leave to Mr. Martinez to file his question-by-question explanation, the Court may be able to determine that it would not need an evidentiary hearing to adjudicate the Fifth Amendment issue. *See Brogna*, 589 F.2d. at 28 (district court should have upheld Fifth Amendment claim without requiring Brogna to give in camera testimony); *id.* at 28 n. 5 ("If . . . the court refuses to acknowledge the privilege and insists on in camera verification from the lips of the witness even though reasonable grounds for claiming the privilege appear in the surrounding circumstances, the court comes perilously close to doing what the fifth amendment forbids").